UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DEBORAH R. COEN, | Civil No. 05-596 (PJS/RLE) |
| Plaintiff, | |
| v. | |
| LOUIS COEN, DANIEL COEN, ANITA ARIELLA COEN, CAROLE M. COEN, NICHOLAS JACKSON CLARK, PETER JOHN BUNKER, COMPAYNE (HAMSTEAD) LIMITED, Trustees of the VICTOR COEN WILL TRUST, Trustees of the MIRIAM COEN WILL TRUST, Trustees of the ESTATE OF LILY COEN, JOHN DOE one, and JOHN DOE two, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Defendants. | |

---

Nathan A. Busch, BUSCH LAW FIRM, 7601 Wayzata Boulevard, Suite 207, Saint Louis Park, MN 55426, for plaintiff.

Bryan Keane, Christopher Shaheen, and Michael Skoglund, DORSEY & WHITNEY LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for defendants.

This matter is before the Court on plaintiff Deborah R. Coen's objections to the July 10, 2006, Report and Recommendation ("R&R") of Magistrate Judge Susan R. Nelson.

Judge Nelson's R&R recommends dismissal of this case, without prejudice, based on the Court's lack of jurisdiction over the defendants, all of whom are located in France or Great

-1-

Britain.  Plaintiff objects to the R&R,[1] arguing that Judge Nelson misapplied the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1984), and its progeny.  Among other things, plaintiff argues that Judge Nelson erred in finding that Minnesota was not the "focal point" of the defendants' conduct; in finding that defendant Louis Coen was not the "aggressor" in his communications with plaintiff's father, Edward Coen; and in finding that plaintiff has failed to establish even a prima facie case that the defendants committed fraud.

The Court has reviewed the record de novo, as is required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  All of plaintiff's objections have been adequately addressed in Judge Nelson's painstakingly thorough R&R.  The record as a whole — rather than the record as selectively and sometimes misleadingly characterized by plaintiff — supports Judge Nelson's conclusion that plaintiff's claim that her father was defrauded is exceedingly weak and, most importantly, cannot and should not be tried in Minnesota.  The Court therefore overrules plaintiff's objections and adopts Judge Nelson's R&R.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, the Court overrules Deborah R. Coen's objections [Docket Nos. 135, 136] and adopts Judge Nelson's Report and Recommendation [Docket No. 133].  Accordingly, IT IS HEREBY ORDERED THAT:

1.  Defendants' Amended Motion to Dismiss [Docket No. 77] is GRANTED.

---

[1] Plaintiff objects to the R&R only to the extent that it recommends dismissal of the claims against defendants Louis Coen and Compayne (Hampstead) Limited.  With respect to all other defendants, then, the R&R is adopted without objection.

2.  Plaintiff's Motion for Summary Judgment, or, in the Alternative, Motion for Evidentiary Hearing on the Issue of Personal Jurisdiction [Docket No. 102] is DENIED as MOOT; and

3. Plaintiff's Amended Complaint [Docket No. 43] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 22, 2006          s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge